

**FILED**

Aug 21 2018, 9:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael D. Dean
Gibson Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE
ROBERT CARTER:

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nathan Healey,

*Appellant-Petitioner,*

v.

Robert Carter, Commissioner of
the Indiana Department of
Corrections, et al.,

*Appellees-Respondents.*

August 21, 2018

Court of Appeals Case No.
76A03-1711-MI-2681

Appeal from the Steuben Circuit
Court

The Honorable Allen N. Wheat,
Judge

Trial Court Cause No.
76C01-1705-MI-116

**Robb, Judge.**

# Case Summary and Issue

[1] Nathan Healey pleaded guilty to criminal confinement, a Class D felony. Following his release from the Indiana Department of Correction ("DOC"), the DOC required Healey to register as a sex offender, even though Healey did not plead to the circumstances in which criminal confinement constitutes a sex offense. Having registered as a sex offender in the years since his release, Healey brought this declaratory judgment action seeking relief from the DOC's determination that he must register as a sex offender. The trial court denied Healey's petition along with a subsequent motion to correct errors. Healey now appeals raising the sole issue of whether the trial court erred in denying his petition for declaratory relief. Concluding the trial court did not err, we affirm.

# Facts and Procedural History

[2] On July 4, 2007, Healey was charged with criminal confinement against a child, a Class C felony, and battery against a child resulting in bodily injury, a Class D felony. Seventeen months later, an additional count was added to the information charging Healey with criminal confinement, a Class D felony. In May 2009, Healey pleaded guilty to criminal confinement, a Class D felony, and, pursuant to the written plea agreement, the remaining charges were dismissed. Healey was sentenced to three years with all but 270 days suspended.

After Healey served his executed sentence, the DOC required him to register as a sex offender for life because the victim of Healey's offense was less than "twelve (12) years of age at the time of the crime." Ind. Code § 11-8-8-19(c) (2007); *see* Appellant's Second Amended Appendix, Volume 2 at 16. Healey registered on June 16, 2009.

On May 3, 2017, Healey filed a verified petition for declaratory relief, asking to be relieved of his duty to register as a sex offender because he never pleaded to the age of the victim. Healey named the commissioner of the DOC, Robert Carter; the Steuben County prosecutor; and the Steuben County sheriff as respondents. Carter responded to Healey's petition through counsel, the Indiana Attorney General, seeking dismissal, or in the alternative, denial of relief.[1]

The parties waived a formal evidentiary hearing and instead submitted a joint stipulation of facts to the trial court. On September 6, 2017, the trial court issued its Order:

1. On December 30, 2008 Healey was charged with having committed the offense of criminal confinement as set forth at Ind. Code 35-42-3-3(a)(1), a Class D Felony.

---

[1] The other named respondents, Jeremy T. Musser, Steuben County Prosecuting Attorney, and Tim R. Troyer, Steuben County Sheriff, do not participate in this appeal.

2.  The crime for which Healey was charged with having committed [sic] occurred on July 4, 2007.

3.  On July 4, 2007, Ind. Code 35-42-3-3(a)(1) provided as follows:

    "(a) A person who knowingly or intentionally: (1) confines another person without the other person's consent; …commits criminal confinement.  Except as provided in subsection (b), the offense of criminal confinement is a Class D Felony."

4.  The criminal charge identified the victim as "Z.M."  The age of Z.M. was not set forth in the criminal charge.

5.  On July 4, 2007, Ind. Code 11-8-8-4.5 set forth those crimes for which if a person should be convicted of having committed [sic] would mandate the person to register as a sex offender.

6.  Ind. Code 11-8-8-4.5(12) provided as follows:

    "(12) Criminal confinement (IC 35-42-3-3), if the victim is less than eighteen (18) years of age, and the person who confined or removed the victim is not the victim's parent or guardian."

7.  On May 9, 2009, Healey entered a plea of guilty to having committed the offense of criminal confinement as charged under the provisions of Ind. Code 35-42-3-3(a)(1), and thereafter was sentenced in accordance with his Plea Agreement.

8.  Healey does not contend that he was unaware of the fact that the victim of his crime was under the age of eighteen (18)

years. Further, Healey does not contend that he was the parent or guardian of Z.M.

9. Healey argues that requiring him to register as a sex offender is a penalty or punishment that is based upon a fact to which he did not plead guilty.

10. It is true that the State's charging information regarding Count III was silent as to the age of Z.M., and to his relationship to Z.M.

11. Ind. Code 35-42-3-3(a)(1) does not set forth the age of the victim as an element of the offense which must be proven by the State by proof beyond a reasonable doubt.

12. Ind. Code 35-42-3-3(a)(1) does not set forth the relationship of the Defendant to the victim as being an element of the offense of criminal confinement which must be proven by the State by proof beyond a reasonable doubt.

13. In the case of *Nichols v. State*, 947 N.E.2d 1011 (Ind. [Ct.] App. 2011) the Court at page 1017 held:

"The Sex Offender Registration Act requires that the DOC maintain a registry of sex offenders, and requires that offenders register with the Department. Placement on the Registry is mandatory, and the Act affords neither the trial court nor the DOC any discretion in the matter of the registration requirement. …Plea agreements have no effect on operation of the Act…" (Citations omitted) (Quotation marks omitted)

14. In accordance with existing Indiana Law the moment the trial court entered judgment upon Healey's plea of guilty to the

crime of criminal confinement his fate was sealed regarding whether he was or was not required to register as a sex offender all in accordance with law barring any constitutional infirmities with the enacted legislation.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. [Carter's] Motion to Dismiss shall be denied.

2. Healey's Petition for Declaratory Relief shall be denied.

Appellant's Second Amended App., Vol, 2 at 39-42. Healey filed a motion to correct error which was similarly denied. Healey now appeals.

# Discussion and Decision

[6] Healey contends the trial court abused its discretion by denying his petition for declaratory judgment because the trial court may review the constitutionality of agency decisions and because the DOC's registration requirement violated his Sixth Amendment right to a trial by jury.

# I. Standard of Review

[7] We review a trial court's ruling on a motion to correct error for an abuse of discretion. *Kashman v. Haas*, 766 N.E.2d 417, 419 (Ind. Ct. App. 2002). And where, as here, the issues involve matters of law, we review the trial court's decision *de novo*. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied.*

# II. Judicial Review

[8] Healey claims the trial court erred in concluding "that it did not have authority to rule on the constitutionality of a sex offender registration decision made by the [DOC]." Appellant's Brief at 11. Specifically, the trial court concluded:

> 14. In accordance with existing Indiana Law the moment the trial court entered judgment upon Healey's plea of guilty to the crime of criminal confinement his fate was sealed regarding whether he was or was not required to register as a sex offender all in accordance with law barring any constitutional infirmities with the enacted legislation.

Appellant's Second Amended App., Vol. 2 at 42. Viewed in the context of Healey's Sixth Amendment claim, the trial court's order could be read as concluding it lacked subject-matter jurisdiction to review a DOC action, "barring any constitutional infirmities with the enacted legislation." *Id.*

[9] In 1994, Congress adopted the Jacob Wetterling Crimes Against Children and Sexually Violent Offenders Registration Act to encourage individual states to adopt sex offender registration statutes. *Wallace v. State*, 905 N.E.2d 371, 374 (Ind. 2009). Soon thereafter, the Indiana General Assembly adopted the Sex Offender Registration Act ("SORA"), also known as "Zachary's Law," which required persons convicted of certain sex crimes to register as "sex offender[s]." *Id.* at 375 (citing Act of March 2, 1994, Pub.L. No. 11-1994, § 7). SORA originally applied to eight crimes and included both registration and notification provisions. *Id.* Since then, SORA has been amended several times, and actively expanded "in both breadth and scope." *Id.*

[10] The General Assembly delegated administrative authority over SORA to the DOC. *See* Ind. Code § 11-8-2-12.4. As an administrative agency, the DOC is governed generally by the Indiana Administrative Orders and Procedures Act ("IAOPA"). *Pierce v. State Dep't of Correction*, 885 N.E.2d 77, 88 (Ind. Ct. App. 2008). IAOPA provides the "exclusive means for judicial review of an agency action." Ind. Code § 4-21.5-5-1. The burden of demonstrating the invalidity of agency action is on the party asserting its invalidity. Ind. Code § 4-21.5-5-14(a). And, a reviewing court shall grant relief only if it determines that a person seeking judicial relief has been prejudiced by an agency action that is:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) contrary to constitutional right, power, privilege, or immunity;
>
> (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (4) without observance of procedure required by law; or
>
> (5) unsupported by substantial evidence.

Ind. Code § 4-21.5-5-14(d).

[11] The IAOPA expressly exempts "certain agency actions" of the DOC from administrative judicial review. Ind. Code § 4-21.5-2-5(6) (exempting "[a]n agency action related to an offender within the jurisdiction of the department of

correction."). However, nothing in this provision prevents judicial review over alleged violations of constitutional protections and thus courts retain subject-matter jurisdiction to resolve controversies alleging DOC interference with a constitutional right, privilege, or immunity. *Ratliff v. Cohn*, 693 N.E.2d 530, 548 (Ind. 1998).

[12]   Applied here, these statutes mean the trial court retained subject-matter jurisdiction to resolve Healey's constitutional claim alleging a violation of his Sixth Amendment right to a jury trial. *Kirby v. State*, 95 N.E.3d 518, 521 (Ind. 2018) (noting declaratory judgment actions are appropriate vehicle for a constitutional challenge of sex offender registration requirements); *Greer v. Buss,* 918 N.E.2d 607, 615 (Ind. Ct. App. 2009) (concluding declaratory judgment action was appropriate where defendants challenged sex offender registration requirement on constitutional grounds). Therefore, to the extent the trial court's order can be read to the contrary, it is erroneous.

## II. The Sixth Amendment

[13]   Having established the trial court retained subject-matter jurisdiction over Healey's claim, we proceed to its merits. Again, Healey alleges his registration

requirement violates his Sixth Amendment right to a trial by jury.[2]  Healey's

petition for declaratory judgment alleged:

> [Healey] is entitled to declaratory judgment that he not be
> required to register as a sex offender.  This is because his
> registration requirement constitutes a punishment or penalty that
> is based on a fact that he did not plead guilty to, and that was not
> found by a jury beyond a reasonable doubt.

Appellant's Second Amended App., Vol. 2 at 12, ¶ 9.

[14]  In support of his request for a declaratory judgment, Healey cited *Apprendi v.*

*New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

Appellant's Second Amended App., Vol. 2 at 11, ¶ 7.  In *Apprendi*, the Supreme

Court declared that, "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum

must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S.

at 490.  Four years later, *Blakely v. Washington* clarified that the statutory

maximum referred to in *Apprendi* is "the maximum sentence a judge may

impose solely on the basis of the facts reflected in the jury verdict or admitted

---

[2] Although the Indiana Constitution Article 1, section 19 also confers the "right to have a jury determine the law and the facts," Healey made no separate argument based on the Indiana Constitution.  Thus, Healey has forfeited any such claim. *Klein v. State*, 698 N.E.2d 296, 299 (Ind. 1998).

We also note, and Healey concedes, criminal confinement became a "sex offense" when Indiana Code section 11-8-8-4.5 was amended effective July 1, 2007, to define a sex offender as a person who was convicted of criminal confinement "if the victim is less than eighteen (18) years of age, and the person who confined or removed the victim is not the victim's parent or guardian." *See* Appellant's Second Amended App., Vol. 2 at 11, ¶ 3.  Healey's offense occurred July 4, 2007.  Therefore, Healey's claim does not implicate constitutional prohibitions against ex post facto laws.

by the defendant." 542 U.S. at 303 (emphasis omitted). And, most recently, the Supreme Court made clear that "[i]n stating *Apprendi*'s rule, [it had] never distinguished one form of punishment from another. Instead, [the Supreme Court's] decisions broadly prohibit judicial factfinding that increases maximum criminal sentence[s], penalties, or punishment[s.]" *S. Union Co. v. United States*, 567 U.S. 343, 350 (2012) (quotation marks omitted).

[15] Pursuant to *Apprendi* and its progeny, Healey argues the registration requirement imposes a penalty or punishment for the purposes of the Sixth Amendment and thus the underlying facts supporting the registration requirement—a determination the victim was under eighteen years old and that Healey was not the victim's parent or guardian—must have been admitted by him as part of his plea agreement. In turn, the State argues Healey's registration requirement is not part of Healey's sentence but a collateral consequence and Healey's registration requirement was therefore an operation of SORA itself. We agree with the State.

[16] First, we note Healey has failed to provide authority, or cogent argument, for the proposition that *Apprendi* and its progeny extend beyond judicial fact-finding. After all, it was "judicial fact-finding that concerned the [Supreme] Court in *Blakely*." *Smylie v. State*, 823 N.E.2d 679, 683 (Ind. 2005), *cert. denied*, 546 U.S. 976 (2005); *see also S. Union Co.*, 567 U.S. at 350 (noting *Apprendi* and its progeny "broadly prohibit judicial factfinding that increases maximum criminal sentence[s], penalties, or punishment[s.]"). The issue presented here is

not one of judicial fact-finding but rather a determination of the DOC pursuant to SORA.

[17] Secondly, we are unconvinced Healey's registration requirement constitutes a penalty or punishment for the purposes of the Sixth Amendment. When the legislature imposes restrictions on people convicted of certain crimes, those restrictions are not part of a sentence, but are collateral consequences. *Kirby*, 95 N.E.3d at 520. Indeed, "[a] criminal sentence is the punishment ordered by the trial court after conviction—nothing more." *Id.* (citing Black's Law Dictionary 1569 (10th ed. 2014) (defining "sentence" as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty")). "Sex-offender registration itself is thus a collateral consequence." *Id.* (citing *Chaidez v. United States*, 568 U.S. 342, 349 n.5 (2013)). Therefore, we conclude Healey's registration requirement was a collateral consequence of his conviction for criminal confinement and not a penalty or punishment for the purposes of the Sixth Amendment.

[18] Healey pleaded guilty to criminal confinement pursuant to Indiana Code section 35-42-3-3(a)(1) (2007). The underlying charging information provided:

> The undersigned says that on or about July 4, 2007 at and in Steuben County, State of Indiana. Nathan James Healey did knowingly or intentionally confine another person, to-wit: Z.M., without the consent of said person, all of which is contrary to the form of the statutes in such cases made and provided by I.C. 35-42-3-3(a)(1) and against the peace and dignity of the State of Indiana.

Appellant's Second Amended App., Vol. 2 at 27. At the time of Healey's offense, Indiana Code section 35-42-3-3 (2006) provided:

> (a) A person who knowingly or intentionally:
>
> > (1) confines another person without the other person's consent;
> >
> > . . .
> >
> > commits criminal confinement. Except as provided in subsection (b), the offense of criminal confinement is a Class D felony.

[19] Although the criminal confinement statute provided for an enhancement from a Class D felony to a Class C felony where the victim of the crime was "less than fourteen (14) years of age and is not the confining or removing person's child," Ind. Code § 35-42-3-3(b)(1)(A) (2006), the legislature included the entire criminal confinement statute when defining both "sex offender" and "sex or violent offender." Ind. Code § 11-8-8-4.5(a)(12) (2007); Ind. Code § 11-8-8-5(a)(12) (2007). As discussed above, our legislature delegated administrative authority over SORA to the DOC, *see* Ind. Code § 11-8-2-12.4 (listing duties of the DOC), and the DOC is required to maintain the sex offender registry, Ind. Code §§ 11-8-2-12.4(1)-(2), (5); 11-8-2-13. Having included the requirements that criminal confinement constitutes a sex offense for purposes of the registry only when the "victim is less than eighteen (18) years of age, and the person who confined or removed the victim is not the victim's parent or guardian," under Title 11 of the Indiana Code, our legislature delegated the authority to

make the necessary factual determination to the DOC. Ind. Code § 11-8-8-4.5(a)(12) (2007); Ind. Code § 11-8-8-5(a)(12) (2007). Quite simply, Healey pleaded guilty to criminal confinement, his victim was less than eighteen years old, and Healey was not the victim's parent or guardian; therefore, "[p]lacement on the Registry is mandatory, and the Act affords neither the trial court nor the DOC any discretion in the matter of the registration requirements." *Nichols v. State*, 947 N.E.2d 1011, 1017 (Ind. Ct. App. 2011).

## III. Healey's Plea Agreement

[20] Comingled with his Sixth Amendment claim, Healey argues there were insufficient facts to warrant his registration requirement where the underlying charging information only provided the initials of the victim without providing the victim's age or relationship to Healey. As concluded above, because Healey's registration requirement was a collateral consequence to his conviction without Sixth Amendment implications, there was no constitutional requirement that he plead guilty to every fact warranting his registration requirement. Even in the absence of a constitutional requirement, however, the DOC cannot arbitrarily and capriciously designate sex offenders, and Healey contends the record is insufficient to support his designation. We conclude the record contained sufficient information for the DOC to determine Healey's registration requirement.

[21] When a person is convicted and sentenced to a term of imprisonment, as Healey was here, the trial court is obliged to provide certain documents to the

DOC. Ind. Code § 35-38-1-14. Among these documents, the trial court must provide "any record made under IC 35-35-2," Ind. Code § 35-38-1-14(a)(4), which includes charging informations, Ind. Code § 35-35-2-1(a)(2). Moreover, Indiana Code section 11-8-8-9(d)(2) provides that for any sex or violent offender who is not committed to the DOC, the probation office of the sentencing court must provide the DOC with the sentencing order and presentence investigation, as well as "*any other information* required by the [DOC] to make a determination concerning sex or violent offender registration." (Emphasis added.) Having utilized such broad language, we conclude the legislature intended the DOC to look to any facts having a basis in the record to determine the offender's registration requirement.

[22] Healey was charged with criminal confinement against a child, a Class C felony, but pleaded guilty to the charge of criminal confinement, a Class D felony, naming "Z.M." as the victim of the offense. Appellant's Second Amended App., Vol. 2 at 27. In the charge of criminal confinement against a child, a Class C felony, the State alleged:

> . . . Healey, did then and there recklessly, knowingly, or intentionally confine or remove another person, to-wit [redacted] a person less than fourteen (14) years of age, to-wit: 4 months old, whose date of birth is 02/07/2007, and is not the confining or removing person's child, by force from one place to another.

*Id.* at 25. Although the victim's name is redacted, considering the nature of the charge and amended information, it appears the victim was also Z.M. Moreover, Healey does not contend the victim was over eighteen years old, that

he was the victim's parent or guardian, or that Z.M. was not the same victim for both charges. Although we do not view this as tantamount to a factual concession, we see no reason to question the DOC's determination. *See* Ind. Code § 4-21.5-5-14(a) ("The burden of demonstrating the invalidity of agency action is on the party to the judicial review proceeding asserting invalidity."). Accordingly, we conclude the record contained sufficient information to warrant Healey's registration requirement where he pleaded guilty to criminal confinement of Z.M.

[23] In his petition for declaratory relief, Healey also argued "it was part of the benefit of [Healey's] bargain to receive the less serious sentencing implications associated with the general confinement statute." Appellant's Second Amended App., Vol. 2 at 11, ¶ 4. Despite Healey abandoning such argument on appeal, we nevertheless find it relevant to the foregoing discussion and instructive regarding the operation of SORA. "[A] defendant receives the full benefit of his bargain when multiple charges are dismissed in accordance with the [plea] agreement." *Sexton v. State*, 968 N.E.2d 837, 841 (Ind. Ct. App. 2012), *trans. denied.* Here, pursuant to the plea agreement, Healey pleaded guilty to criminal confinement, a Class D felony, and the State dismissed the charges of criminal confinement against a child, a Class C felony, and battery against a child resulting in bodily injury, a Class D felony. *See* Appellant's Second Amended App., Vol. 2 at 28, 25-26. In *Bethea v. State*, our supreme court explained that where a plea bargain does not foreclose "the possibility of the trial court using enhancements from the underlying charges that were

dismissed, or from the original charges from which a lesser included plea is taken[,] we hold it is not necessary for a trial court to turn a blind eye to the facts of the incident that brought the defendant before them." 983 N.E.2d 1134, 1145 (Ind. 2013). Here, of course, it was not the trial court looking to the underlying facts of Healey's conviction for a "sentencing implication[]," Appellant's Second Amended App., Vol. 2 at 11, ¶ 4, but rather the DOC making a determination as to Healey's registration requirement as a collateral consequence of his conviction, *see supra* ¶17. More importantly, however, while defendants remain free to bargain with the State regarding sentencing, the same is *not* true for registration requirements.

[24] In denying Healey's petition the trial court cited *Nichols v. State*, 947 N.E.2d 1011; we too find *Nichols* controlling. Nichols was charged with numerous counts of child molesting in separate cases arising in different counties. Nichols entered into plea agreements whereby he would plead guilty to two counts of child molesting as Class C felonies in the Hamilton County case, and to one count of child molesting as a Class C felony in the Tipton County case, and the remaining charges were dismissed. The plea agreement also recited each of the statutory requirements for sex offender registration for a ten-year period or for life. The trial court accepted the plea agreement and sentenced Nichols in an order stating that Nichols would be required to register as a sex offender for a period of ten years. Soon thereafter, the DOC notified the trial court that its order appeared in error because Nichols had committed unrelated offenses and was therefore required to register as a sex offender for life. Nichols filed a

motion for correction of the sex offender registry, pointing to the terms of his plea agreement and requesting the trial court order the DOC to revise his registration obligation to a ten-year period. The trial court denied Nichols' motion and his subsequent motion to correct error.

[25] Nichols appealed, arguing, *inter alia*, the DOC improperly overruled the trial court's sentencing order and the lifetime registration requirement violated the terms of his plea agreement. The State argued the registration decision, "like decisions on prison placement, is within the discretion of the DOC and courts have no role in such decisions." *Id*. at 1016-17. On review, a panel of this court rejected both parties' arguments and reasoned the DOC did not "overrule[]" the trial court because the registration requirement is "a consequence of the operation of the Act itself." *Id.* at 1017 (quotation omitted). In so holding, the court looked to precedent establishing that "[p]lea agreements have no effect on the operation of the Act." *Id*. (citing *In re G.B.*, 709 N.E.2d 352, 356 (Ind. Ct. App. 1999)). The court therefore concluded,

> The DOC . . . made a determination required by law as to the length of Nichols's reporting period in order to properly track information in the Registry. This period is determined by the statute itself—not by the plea agreement, not by the trial court, and not—contrary to the State's argument in its brief—by the DOC.

*Id.*

[26] We agree with the reasoning of the *Nichols* court. Healey pleaded guilty to the requisite crime of criminal confinement and admitted that Z.M. was the victim

of the crime. Accordingly, Healey's registration requirement was "a consequence of the operation of the Act itself," *id.* at 1017, and the trial court did not abuse its discretion in denying Healey's motion to correct error seeking to have declaratory judgment granted in his favor.

# Conclusion

For the reasons set forth above, the trial court retained subject-matter jurisdiction to resolve Healey's constitutional claim and the trial court did not abuse its discretion in denying Healey's petition for declaratory judgment.

Affirmed.

Najam, J., and Altice, J., concur.