# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

May 30 2019, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jason T. Myers
Lafayette, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason T. Myers, | May 30, 2019 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-SC-2197 |
| v. | Appeal from the Tippecanoe Superior Court |
| June Palms Property Management, | The Honorable Laura Zeman, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 79D04-1803-SC-816 & 79D04-1805-SC-1592 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Jason Myers (Myers), appeals from the trial court's order denying his motion to correct error seeking relief from a judgment in favor of Appellee-Plaintiff, June Palms Property Management, (June Palms).

We affirm.

# ISSUE

Myers presents one issue on appeal, which we restate as: Whether the trial court abused its discretion when it denied his motion to correct error.

# FACTS AND PROCEDURAL HISTORY

On August 11, 2017, Myers and June Palms entered into a lease agreement (the Lease) for an apartment located on 4th Street in Lafayette, Indiana. The Lease provided that the apartment "shall be occupied by no more than 1 persons . . . without the written consent of [June Palms]." (Appellant's App. Vol. II, p. 17). The Lease further provided that Myers would be charged $100 per month for each "unauthorized occupant" determined to be living in the apartment and that Myers would be liable for costs and expenses, including legal and administrative fees, resulting from legal steps taken to enforce the provisions of the Lease. (Appellant's App. Vol. II, pp. 15, 17).

In February 2018, June Palms received reports of loud arguments emanating from Myers' apartment. June Palms became suspicious that Myers had an unauthorized person living in his apartment, so they sent an employee,

Anthony Stout (Stout), to inspect the property. When he arrived to perform the inspection, Stout was greeted by Myers' girlfriend. Myers was not home at the time. Stout observed several items of the girlfriend's clothing and hygiene items in the apartment. The girlfriend appeared nervous and asked if she would be in trouble for staying in the apartment. She also asked Stout about using storage space in the laundry room.

[6] June Palms concluded that Myers' girlfriend was living in his apartment without authorization. June Palms issued Myers a notice of over-occupancy and began charging him an extra $100 per month, as provided for in the Lease. Myers continued to pay the base rate of his rent, but he did not pay the $100 over-occupancy fee. Myers' account with June Palms went into arrears, and late fees accumulated. June Palms had informed Myers that he could prove to them that the girlfriend was not living in his apartment by supplying a lease or mail showing that she lived elsewhere. The parties exchanged several emails regarding what type of mail would be acceptable proof of non-occupancy, but Myers never provided June Palms with documentation that satisfied them.

[7] On March 14, 2018, June Palms filed a petition for eviction under Cause Number 79D04-1803-SC-816 (the -816 Eviction). June Palms sought payment of the outstanding over-occupancy fees, late fees, attorney's fees, and possession of the apartment. In a March 19, 2018, email to June Palms, Myers stated that he believed that his girlfriend had mail from her bank card account which would satisfy June Palms' requirements for showing non-occupancy. On March 27, 2018, the trial court held a hearing on the -816 Eviction petition.

Myers testified that his girlfriend stayed with him often but did not specifically deny that she had spent five days and nights consecutively at his apartment, which was the standard June Palms used to determine occupancy. When asked why his girlfriend was not present to assist Myers with settling the occupancy issue, Myers responded that "she's not part of it." (Defendant's Exh. 1, Vol. III, p. 15). Myers did not seek to admit a copy of his girlfriend's mail for her bank card account as proof that she lived elsewhere. Myers did not ask the trial court if he could have a continuance of the proceedings in order to procure that mail. Myers also claimed, as he had in his answer to the -816 Eviction petition, that he had not been provided with the statutorily-required notice to evict by June Palms. The trial court ruled in favor of June Palms, issuing a judgment and an award of damages in their favor against Myers but denying June Palms the right to possession of the apartment.

[8] Myers continued to pay his base rent amount but did not pay additional sums toward the -816 Eviction judgment. June Palms applied all of Myers' rent payments to the -816 judgment, resulting in additional arrears to Myers' account. On May 14, 2018, June Palms filed a second eviction proceeding against Myers under Cause Number 79D04-1805-SC-1592 (the -1592 Eviction). On May 17, 2018, Myers filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B) seeking to vacate the -816 Eviction judgment. Framing his argument mainly as one of contract interpretation, Myers argued that June Palms was to blame for his failure to bring appropriate documentation of his girlfriend's non-occupancy to court on March 27, 2018, because June

Palms did not inform him until it was too late what sort of mail would be acceptable proof. Myers also claimed that the trial court should have allowed him more time to provide his girlfriend's mail and that June Palms had not provided him with the statutorily-required notice of intent to evict.

On May 29, 2018, the trial court held a hearing on the -1592 Eviction petition and awarded June Palms additional damages and possession of the apartment. On June 5, 2018, the trial court held a hearing on Myers' motion for relief from judgment, which it denied, concluding that Myers had not presented any new evidence and that he had not filed a timely motion to correct error in the -816 Eviction. On July 2, 2018, Myers filed a motion to correct error challenging the trial court's June 5, 2018, denial of his motion for relief from judgment. On August 6, 2018, the trial court denied Myers' motion to correct error.

Myers now appeals. Additional facts will be presented as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

We begin by noting that June Palms did not file an appellate brief in this matter. We do not develop arguments on behalf of an appellee who fails to file a brief. *WindGate Props., LLC v. Sanders*, 93 N.E.3d 809, 813 (Ind. Ct. App. 2018). In such cases, we will reverse if the appellant establishes *prima facie* error, meaning error at first sight or error on the face of it. *Id*. However, even in light of this relaxed standard, we still have the obligation to correctly apply the law to the facts in the record to determine whether reversal is required. *Id*.

[12]   Myers appeals from the trial court's denial of his motion to correct error, framing his arguments as contract, negligence, and due process issues.  A trial court's ruling on a motion to correct error is generally reviewed for an abuse of discretion, approaching our review with a strong presumption of correctness. *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013).  An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it and the inferences to be drawn therefrom.  *Paulsen v. Malone*, 880 N.E.2d 312, 313 (Ind. Ct. App. 2008).  However, we review any questions of law *de novo*.  *Healey v. Carter*, 109 N.E.3d 1043, 1047 (Ind. Ct. App. 2018), *trans. denied*.  This standard of review requires us to examine the propriety of the underlying order, namely the trial court's June 5, 2018, denial of Myers' motion for relief from judgment.

## II.   *Motion for Relief from Judgment*

[13]   Myers filed a motion for relief from judgment seeking to vacate the -816 Eviction judgment.[1]  In his motion, Myers argued that his failure to provide his girlfriend's mail at the March 27, 2018, hearing was "a mistake of law and reasonable neglect" because June Palms did not alert him beforehand that it would accept that as proof of her non-occupancy and that this was newly-discovered evidence.  (Appellant's App. Vol. II, p. 43).  Myers also alleged that

---

[1]  Although Myers initially filed the motion in both eviction proceedings, no final judgment had been rendered in the -1592 Eviction, and the substance of the motion pertained to the -816 Eviction judgment. After Myers' rent payments had extinguished the damages awarded in the -816 Eviction, at the hearing on Myers' motion to correct error, June Palms agreed to vacate that judgment, noting that, by doing so, it was not conceding that the -816 Eviction judgment was in error.

June Palms had not supplied him with the statutorily-mandated notice of intent to evict him.  Except for the setting aside default judgments, the Indiana Trial Rules apply to proceedings to set aside small claims judgments.  *Summit Account & Comput. Serv. v. Hogge*, 608 N.E.2d 1003, 1005 (Ind. Ct. App. 1993).  Trial Rule 60(B) provides in relevant part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment . . . for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct error under Rule 59[.]

The movant has the burden to establish the grounds for relief, and because the relief is within the equitable discretion of the trial court, we will reverse the denial of relief only upon an abuse of the trial court's discretion.  *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740-41 (Ind. 2010).

[14]  The issues that Myers raised in his motion for relief from judgment did not involve mistake, surprise, excusable neglect, or newly discovered evidence.  The issue of whether June Palms had complied with statutory notice requirements was known and litigated in the -816 Eviction proceedings.  In addition, Myers was well aware that his girlfriend's occupancy was the issue to be litigated at the March 27, 2018, hearing on the -816 Eviction petition, and he had already

proposed to June Palms that her bank card account mailings would show her non-occupancy of his apartment. It was incumbent upon him to present that defense at the -816 Eviction hearing. He did not; nor did he seek a continuance of the proceedings in order to procure the mail. The trial court ruled in favor of June Palms, resulting in an award of damages against Myers, the non-payment of which eventually became the basis for the second eviction proceeding.

[15] The trial court entered its order in favor of June Palms in the -816 Eviction on March 27, 2018. This was a final order which was appealable. *See* Ind. Small Claims Rule 11(A); Ind. Appellate Rule 2(H)(1). Myers had thirty days—until April 26, 2018—to either file a motion to correct error or to appeal the trial court's final order. *See* T.R. 59(A); App. R. 9(A)(1). Myers did not file a motion to correct error or pursue a direct appeal. Instead, he waited until May 17, 2018, to file a motion for relief from judgment. A motion for relief from judgment under Trial Rule 60(B) pertains to only procedural, equitable grounds justifying relief from the legal finality, not the legal merits, of a final judgment and is not a substitute for a direct appeal. *P.S.S.*, 934 N.E.2d at 740. Because Myers did not show excusable neglect or newly discovered evidence, the trial court did not abuse its discretion when it denied his motion for relief from judgment or his subsequent motion to correct error based on that denial. *See id.*; *Santelli*, 993 N.E.2d at 172. For these reasons, Myers has not demonstrated even *prima facie* error. *See WindGate Props.*, 93 N.E.3d at 813.

### III. *Due Process*

[16] We pause briefly to address Myers' due process claim as it relates to the -1592 Eviction.[2] Myers argues that his due process rights were violated when June Palms failed to supply him with the ten days of notice of intent to evict that he claims he was due pursuant to Indiana Code section 32-31-1-7. Assuming, without deciding, that this is correct, Myers presents no argument regarding how his defense in the -1592 Eviction was prejudiced as a result of this lack of notice. He claims in the summary of his argument that adequate notice would have allowed him "time to obtain and provide pay check stubs which provided his girlfriend's address and switched the result of the proceedings" in his favor. (Appellant's Br. p. 12). Myers made no indication at the -1592 Eviction hearing that he sought to introduce pay check stubs, so this claim of error appears to address the -816 Eviction, an issue which we have already determined was not properly before the trial court in the motion for relief from judgment. Therefore, Myers has failed to establish even *prima facie* error on the part of the trial court as it relates to the due process claim in the -816 Eviction proceedings. *See Jones v. Housing Auth. of City of South Bend*, 915 N.E.2d 490, 497 (Ind. Ct. App. 2009)

---

[2] Myers also argues that the trial court violated his due process rights in both the -816 and -1592 Eviction proceedings by failing to "enter a proper show cause order pursuant to Ind. Code 32-30-3-2." (Appellant's Br. p. 15). Myers did not raise this claim in the trial court. Issues raised for the first time on appeal are waived, and, therefore, we decline to address it. *See Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53 (Ind. 2013) (noting that declining to review issues not properly preserved for appeal is a cardinal principle of sound judicial administration).

(declining to reverse where Jones had failed to demonstrate how he was prejudiced by procedural due process error).

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when it denied Myers' motion to correct error based on its denial of his improper motion for relief from judgment. We also conclude that Myers failed to establish that he suffered any prejudice arising from the claimed violation of his due process rights.

Affirmed.

Bailey, J. and Pyle, J. concur