



FILED
Apr 27 2018, 1:03 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-CR-79

## Douglas Kirby
*Appellant (Petitioner)*

–v–

## State of Indiana
*Appellee (Respondent)*

Argued: March 22, 2018 | Decided: April 27, 2018

Appeal from the Howard Superior Court 4, No. 34D04-1001-FD-11

The Honorable George A. Hopkins, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 34A02-1609-CR-2060

**Opinion by Chief Justice Rush**

Justices David, Massa, Slaughter, and Goff concur.

**Rush, Chief Justice.**

Post-conviction relief is both limited and exclusive. It is available only within the strictures of the post-conviction rules, and when the rules allow post-conviction proceedings, relief generally cannot be pursued any other way.

Here, the petitioner tried to use post-conviction proceedings to challenge a statute barring him, as a serious sex offender, from school property. But that restriction is a collateral consequence of his conviction—and the post-conviction rules generally allow challenges only to a conviction or sentence. While we thus affirm the denial of post-conviction relief, we note that the post-conviction rules do not bar the petitioner from pursuing his claim in a declaratory-judgment action.

## Facts and Procedural History

Douglas Kirby pleaded guilty to child solicitation in 2010, leading to a ten-year sex-offender registration requirement and an eighteen-month sentence, suspended to probation. His probation conditions made schools off-limits, but he asked for and received an exception for his son's activities. He kept attending his son's school events after finishing probation in 2012.

In 2015, though, Indiana Code section 35-42-4-14 made it a Level 6 felony for a "serious sex offender" to knowingly or intentionally enter school property. Under that new statute, a serious sex offender is someone who must register as a sex offender and has been convicted of a qualifying offense. Ind. Code § 35-42-4-14(a) (Supp. 2015). Child solicitation is one of those qualifying offenses, I.C. § 35-42-4-14(a)(2)(F), so Kirby had to stop attending school events.

Kirby challenged this restriction by seeking post-conviction relief. He argued that he did not "knowingly" plead guilty because he didn't know at the time of his plea that he would later be barred from school property. He also alleged that the new statute was an unconstitutional ex post facto

law because it added punishment to an already-committed crime. The post-conviction court denied relief.

On appeal, Kirby challenged the school-entry restriction on three constitutional grounds—including the ex post facto claim. The Court of Appeals agreed with Kirby on that claim, holding that the statute's school-entry restriction is unconstitutional as applied to him. *Kirby v. State*, 83 N.E.3d 1237, 1246 (Ind. Ct. App. 2017).

The State sought rehearing, arguing that post-conviction proceedings are the wrong vehicle for Kirby's ex post facto claim. The Court of Appeals denied rehearing, and the State sought transfer—which we granted, vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

## Standard of Review

Our issue is whether Kirby may challenge his school-entry restriction in a post-conviction proceeding. As with any interpretation of our rules, the standard of review is de novo. *State v. Holtsclaw*, 977 N.E.2d 348, 349 (Ind. 2012).[1]

## Discussion and Decision

Post-conviction relief is a narrow remedy that "must be based on grounds enumerated in the post-conviction rules." *Hampton v. State*, 961 N.E.2d 480, 491 (Ind. 2012). One of the post-conviction rules' central limitations is that relief is generally available only from a conviction or

---

[1] In the post-conviction court, Kirby raised his ex post facto challenge to aid his argument that his plea was unknowing. But on appeal, he asks only for an injunction preventing enforcement of the school-entry restriction. The State, for its part, never addressed the ex post facto issue to the post-conviction court. Nor did it raise its post-conviction rule argument until its rehearing petition to the Court of Appeals. We look past these potential waivers to address the transfer arguments about the scope of our post-conviction rules. *See Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) ("[W]henever possible, we prefer to resolve cases on the merits instead of on procedural grounds like waiver.").

sentence. *See* Ind. Post-Conviction Rule 1(1); *Kling v. State*, 837 N.E.2d 502, 504 (Ind. 2005). That is the sticking point here.

The State argues that Kirby's ex post facto claim addresses only a collateral consequence, not the validity of his conviction or the terms of his sentence as Post-Conviction Rule 1(1) requires. Kirby responds that the statutory school-entry restriction altered his sentence by barring him from schools that he had been allowed to visit even while he was on probation.

We agree with the State. A criminal sentence is the punishment ordered by the trial court after conviction—nothing more. *See* Black's Law Dictionary 1569 (10th ed. 2014) (defining "sentence" as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty"). Indeed, "[s]entencing lies within the discretion of the trial court." *Price v. State*, 725 N.E.2d 82, 85 (Ind. 2000).

By contrast, when the legislature imposes restrictions on people convicted of certain crimes, those restrictions are not part of a sentence, but are collateral consequences. *See D.A. v. State*, 58 N.E.3d 169, 173 (Ind. 2016). Sex-offender registration itself is thus a collateral consequence. *Chaidez v. United States*, 568 U.S. 342, 349 n.5 (2013); *see generally* Ind. Code ch. 11-8-8 (2017) (imposing sex-offender registration requirements). The legislature can, for example, impose a lifetime registration requirement even after a sentence has been fully served. *See Gonzalez v. State*, 980 N.E.2d 312, 315 (Ind. 2013); *Jensen v. State*, 905 N.E.2d 384, 394–95 (Ind. 2009). Whether or not such a belated change is an ex post facto violation, it is not part of a sentence. *See Gonzalez*, 980 N.E.2d at 315.

And Kirby's school-entry restriction is even more collateral than his registration requirement; after all, the restriction has sex-offender registration as a prerequisite. I.C. § 35-42-4-14(a). That removes the restriction another step from the conviction that led to the registration requirement. So while Kirby's child-solicitation conviction started the domino effect that led to his school-entry restriction, that restriction is not part of his conviction or sentence.

Nor does the probation condition letting Kirby attend his son's school events make the school-entry restriction part of his sentence. For one

thing, Kirby's probation—and thus his sentence—ended more than three years before the school-entry statute took effect. *See* P.L. 235-2015. But more fundamentally, as established above, the school-entry restriction is a statutory collateral consequence—not part of Kirby's sentence. In other words, even if that restriction had conflicted with a probation condition, it would not bring his ex post facto challenge within the post-conviction rules. *Cf. Lee v. State*, 816 N.E.2d 35, 39 (Ind. 2004) (noting that if one part of a plea agreement is void for illegality, courts generally enforce the rest).

In sum, when the post-conviction rules allow challenges to a "sentence," they mean only the trial court's sentence on the conviction at hand. *See, e.g.*, *Reed v. State*, 856 N.E.2d 1189, 1194–95 (Ind. 2006); *Lambert v. State*, 743 N.E.2d 719, 725 (Ind. 2001); *Marts v. State*, 478 N.E.2d 63, 64 (Ind. 1985); *cf. Morlan v. State*, 499 N.E.2d 1084, 1086 (Ind. 1986). Since Kirby's ex post facto claim challenges a collateral consequence rather than his conviction or sentence, post-conviction review is unavailable.

While Kirby cannot raise his ex post facto claim in post-conviction proceedings, he may have a vehicle for his claim. The legislature created declaratory-judgment actions for the explicit purpose "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." Ind. Code § 34-14-1-12 (2017). Settling his uncertain legal status in light of the statutory school-entry restriction is precisely what Kirby wants to do. And the declaratory-judgment statutes are "liberally construed and administered" to achieve that purpose. *Id.*

Declaratory-judgment actions are also broadly available. "Any person . . . whose rights, status, or other legal relations are affected by a statute" can bring such an action. I.C. § 34-14-1-2. That action will determine "any question" of a statute's validity and give "a declaration of rights, status, or other legal relations thereunder." *Id.* Again, this is exactly what Kirby asks for: a determination of whether the school-entry restriction is an invalid ex post facto law as applied to him.

Indeed, Indiana caselaw shows that ex post facto claims like Kirby's are often raised through declaratory-judgment actions. *E.g.*, *Lemmon v. Harris*, 949 N.E.2d 803, 805 (Ind. 2011); *Gardner v. State*, 923 N.E.2d 959, 959 (Ind. Ct. App. 2009), *trans. denied*. And our Court of Appeals has held that

declaratory-judgment actions are appropriate vehicles for ex post facto claims even when other statutory remedies are available, given the burdens imposed by sex-offender registration requirements. *Greer v. Buss*, 918 N.E.2d 607, 615 (Ind. Ct. App. 2009).

But allowing Kirby to raise his ex post facto claim in a post-conviction proceeding would end the established practice of raising such issues in declaratory-judgment actions. That's because, absent an explicit exception, claims that **may** be brought in a post-conviction proceeding **must** be brought in a post-conviction proceeding. P-C.R. 1(1)(a), (b). The post-conviction rules, though, exclude Kirby's claim, so they do not foreclose a declaratory-judgment action.

# Conclusion

Indiana's post-conviction rules do not let Kirby bring his ex post facto claim in a post-conviction proceeding because Kirby is challenging a collateral consequence instead of his conviction or sentence. We therefore affirm the post-conviction court's denial of relief without reaching the merits of Kirby's ex post facto claim.

David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEY FOR APPELLANT

Alan D. Wilson
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Stephen R. Creason
Michael Gene Worden
Deputy Attorneys General
Indianapolis, Indiana