## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 28 2018, 9:31 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles Gamble
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles Gamble,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | November 28, 2018<br><br>Court of Appeals Case No.<br>49A02-1707-PC-1811<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Kurt M. Eisgruber, Judge<br><br>Trial Court Cause No.<br>49G01-1604-PC-14779 |

**Najam, Judge.**

## Statement of the Case

Charles Gamble appeals from the post-conviction court's denial of his petition for post-conviction relief. Gamble raises four issues for our review, which we revise and restate as the following three issues:

1. Whether the post-conviction court abused its discretion when it denied Gamble's request to subpoena his prison record.

2. Whether he was denied the effective assistance of trial counsel.

3. Whether Gamble can bring his claim that Indiana Code Section 11-8-8-19 is an *ex post facto* law as applied to him in a post-conviction proceeding.

We affirm.

## Facts and Procedural History

On March 7, 2003, Gamble pleaded guilty to one count of sexual battery, as a Class D felony, in Cause Number 36C01-0107-DF-222 ("DF-222"). At that time, the trial court sentenced Gamble to one and one-half years, with one year and three months suspended to supervised probation. The trial court also ordered "that [Gamble] shall register as a sex offender in accord with Indiana law." Appellant's App. Vol. II at 55. On May 24, 2004, the trial court found that Gamble had violated the terms of his probation and revoked the suspended portion of Gamble's sentence. Gamble completed his sentence and was released from the Department of Correction on September 14, 2004.

[4]     After he was released, Gamble was convicted of failing to register as a sex offender in three counties. At some point, Gamble was again incarcerated. When Gamble was released from the Department of Correction on October 19, 2011, prison officials completed a "release checklist." *Id*. at 43. In that checklist, prison officials indicated that Gamble was a sex offender, but the officials noted that he is "NOT REQ[.] TO REGISTER." Nonetheless, in October of 2013, Gamble registered as a sex offender in Hendricks County. On March 26, 2014, Gamble requested that he be removed from the sex offender registry, but the trial court denied that request. Then, in February of 2015, Gamble registered as a sex offender in Marion County. On July 2, officers arrested Gamble for impersonating a law enforcement officer. After officers arrested him, Gamble informed the officers that he had not lived at his registered address in Marion County for approximately one week. However, Gamble's former landlord informed officers that Gamble had not lived at that address for approximately one month.

[5]     The State charged Gamble with one count of impersonating a public servant, as a Level 6 felony, in Cause Number 49G01-1507-F6-23579 ("F6-23579"). The State also charged Gamble with three counts of failing to register as a sex or violent offender, as Level 5 felonies, in Cause Number 49G01-1507-F5-24251 ("F5-24251"). The parties entered into a plea agreement in which Gamble agreed to plead guilty as charged in F6-23579 and to one count of failing to register as a sex or violent offender, as a Level 5 felony, in F5-24251. In exchange for his guilty plea, the State agreed to dismiss the other two charges in

F5-24251. The trial court accepted the plea agreement and entered judgment of conviction accordingly. The trial court sentenced Gamble to three years executed in the Department of Correction in F5-24251, which was to run consecutive to his sentence in F6-23579.[1]

On August 15, 2016, Gamble, *pro se*, filed an amended petition for post-conviction relief in which he alleged: (1) that he had been denied the effective assistance of trial counsel; (2) that his rights under the Fourth Amendment to the United States Constitution had been violated; (3) that his convictions violated double jeopardy principles; and (4) that the requirement that he register as a sex offender is an *ex post facto* law as applied to him. Gamble filed with the post-conviction court a request that it issue a subpoena for his Department of Correction record. Specifically, Gamble asserted that his prison record would contain the Department of Correction release checklist that indicated that he was not required to register as a sex offender as well as "new evidence that [Gamble] is trying to obtain" in order to show that he was not required to register as a sex offender. Supp. App. at 4. The post-conviction court never ruled on Gamble's request. Following a hearing on January 24, 2017, the post-conviction court entered detailed findings of fact and conclusions of law denying Gamble's petition for relief. This appeal ensued.

---

[1] It is unclear from the record what Gamble's sentence was in F6-23579. However, the plea agreement provided that his sentence for that conviction would be one year executed, "with placement open to argument[.]" Appellant's App. Vol II at 69.

# Discussion and Decision

[7]     Gamble appeals the post-conviction court's denial of his petition for post-conviction relief.[2]  Our standard of review is clear:

> The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence.  *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004) (citations omitted).  When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment.  *Id.*  To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.  *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993).  Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6).  Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made."  *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted).

*Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014) (alteration original to *Campbell*).

---

[2]  In its findings of fact and conclusions of law, the post-conviction court found that Gamble had waived his Fourth Amendment and double jeopardy claims.  Gamble does not appeal those findings.

### *Issue One: Denial of Subpoena Request*

[8] Gamble first contends that the post-conviction court abused its discretion when it denied his request to subpoena his prison record. To determine whether to issue subpoenas, the post-conviction court has broad discretion. *Johnson v. State*, 832 N.E.2d 985, 994 (Ind. Ct. App. 2005), *trans. denied*. "An abuse of discretion has occurred if the court's decision is against the logic and effect of the facts and circumstances before the court." *Id.*

[9] As this court has previously stated:

> The post-conviction rules do not establish a procedure for a *pro se* petitioner to subpoena a document, but they do explain the procedure if a *pro se* petitioner wishes to subpoena a witness. *See* Post-Conviction Rule 1(9)(b). The post-conviction court must subpoena witnesses for a *pro se* petitioner "[i]f the court finds the witness' testimony would be relevant and probative." *Id.* We have found reversible error in the failure to subpoena a witness when a petitioner's claims could not be presented without the presence of that specific witness. *See Medlock v. State*, 547 N.E.2d 884, 887 (Ind. Ct. App. 1989) (clerk's failure to subpoena witnesses for post-conviction proceeding following petitioner's pro se request for subpoenas was not harmless error where petitioner could not prove claim without witness's testimony about alleged promises witness made to induce petitioner's guilty plea).

*Hubbell v. State*, 58 N.E.3d 268, 277 (Ind. Ct. App. 2016). That court specifically held that "[w]e see no reason we ought not reach the same result when a petitioner raises issues—such as ineffective assistance of counsel and double jeopardy—that cannot be addressed on their merits without access to the

Record of Proceedings." *Id*. Similarly, here, we see no reason why we should not reach the same result when a petitioner raises an issue that cannot be addressed on its merits without access to a specific document. Accordingly, we will find that the post-conviction court abused its discretion when it failed to subpoena Gamble's prison record only if Gamble's claim could not be presented and addressed on its merits without access to his prison record.

[10] To support his claim that he was denied the effective assistance of counsel, Gamble requested that the post-conviction court subpoena his prison record. In that request, Gamble asserted that he needed his prison record because it would contain the 2011 Department of Correction release checklist as well as unspecified "new evidence" that would show that he was no longer required to register as a sex offender. Suppl. App. at 4. The post-conviction court never ruled on that request, which, in effect, denied the request. Gamble contends that the court's denial of his subpoena was improper because "he needs [those documents] to prove prejudice on the failure-to-investigate aspect of his Ineffective Assistance of Counsel claim[.]" Appellant's Br. at 19. We cannot agree.

[11] Gamble requested a subpoena for his prison record in part because that record would contain the 2011 Department of Correction release checklist, which indicated that he was not required to register a sex offender. But Gamble was still able to present the checklist as evidence at the hearing on his petition for

post-conviction relief without the subpoena from the post-conviction court.[3] Because Gamble was able to present the checklist as evidence without the subpoena, he has not demonstrated that he was harmed by the post-conviction court's denial of his subpoena request as it relates to the release checklist.

[12] Gamble also requested the subpoena for his prison record because he contends that there would be "new evidence" in the record that would show that he is not required to register as a sex offender. Supp. App. at 4. But it is well-settled that "[t]here is no post-conviction right to 'fish' through official files for belated grounds of attack on the judgment, or to confirm mere speculation or hope that a basis for collateral relief may exist." *Hinkle v. State*, 97 N.E.3d 654, 665 (Ind. Ct. App. 2018) (quoting *Roche v. State*, 690 N.E.2d 1115, 1132 (Ind. 1997)), *trans. denied*.

[13] Gamble does not contend that there is any specific information in his prison record beyond the release checklist that supports his claim of ineffective assistance of counsel. Rather, Gamble requested his entire prison record simply because he believed that "there has to be something in there that caused the prison officials to conclude that Gamble was/is not required to register" as a sex offender. Appellant's Br. at 20. In essence, Gamble contends that, had he been able to examine his entire prison record, he might have found an additional document that would support his claim that he was not required to register as a sex offender, which, in turn, would have supported his claim that

---

[3] It is unclear from the record how Gamble was able to obtain a copy of the checklist.

his trial counsel, Jennifer Harrison, had failed to fully investigate the case when she did not review his entire prison record. As Gamble wanted the post-conviction court to subpoena his prison record based only on his speculation that an additional document there exists to support his claim, Gamble's request for the subpoena was an improper fishing expedition, not an attempt to vindicate an actual claim. *See Hinkle*, 97 N.E.3d at 666. Accordingly, we cannot say that the post-conviction court abused its discretion when it denied Gamble's request to subpoena his prison record.

### Issue Two: Effectiveness of Trial Counsel

[14] Gamble next contends that he received ineffective assistance from his trial counsel, Harrison.

> When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *See Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). To satisfy the first prong, "the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing *Strickland*, 466 U.S. at 687-88, 104 S. Ct. 2052). To satisfy the second prong, "the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052).

*Campbell*, 19 N.E.3d at 274.

[15] Gamble specifically contends that Harrison's performance was deficient because she failed to adequately investigate the case when she did not obtain and review his prison record, which he asserts contained the 2011 Department of Correction release checklist as well as other documents that would show that he was not required to register as a sex offender. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Further, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 691.

[16] Here, "applying a heavy measure of deference" to Harrison's particular decision not to review Gamble prison's record, we cannot say that the post-conviction court erred when it determined that Gamble had failed to meet his evidentiary burden on this issue. *Id.* During the hearing on Gamble's petition, Harrison testified that she had met with Gamble at the jail during the course of the proceedings and that she had had several discussions with Gamble about his case. And "Gamble's uncontradicted testimony is that he informed Ms. Harrison during pre-trial discussions . . . that the Indiana Department of Correction officials informed him in 2011 . . . that he was no longer required to register as a sex offender[.]" Appellant's Br. at 29. In addition to her discussions with Gamble, Harrison testified that she had "researched

[Gamble's] prior conviction [for sexual battery]. I also researched the times that you had been in custody and out of custody[.]" Tr. Vol. II at 12. She further testified that she did "legal research" and that she had read the relevant case law to determine if he was still required to register as a sex offender. Finally, Harrison testified that, "based upon [her] research," she believed that he was still legally required to register as a sex offender. *Id*.

[17] Accordingly, the record demonstrates that Harrison had several discussions with Gamble, during which he provided her with information about his case and the reasons why he believed he was no longer required to register as a sex offender. And the record also demonstrates that Harrison researched his case and the relevant law, and based on that research, she concluded that he was still required to register as a sex offender regardless of what the release checklist stated. As such, Gamble has not met his burden to show that he was denied the effective assistance of counsel.[4]

## Issue Three: Ex Post Facto *Law*

[18] Finally, Gamble contends that the requirement that he register as a sex offender is an *ex post facto* law as applied to him. When Gamble was convicted of sexual battery in 2003, the sex offender registration statute provided that a sex offender's duty to register expired ten years after the offender was released from

---

[4] Gamble also asserts that the post-conviction court erred when it found that he had waived his claim of ineffective assistance of counsel. However, in light of our analysis on the merits of his ineffectiveness claim, we need not consider the waiver argument.

a penal facility or placed in a community transitions program, a community corrections program, on parole, or on probation, whichever occurred last. *See* Ind. Code § 5-2-12-13(a) (2003). The Indiana General Assembly repealed that statute in 2006 and replaced it with Indiana Code Section 11-8-8-19. That statute provides for the same ten-year registration requirement, but it also includes a tolling provision. Specifically, the new statute provides that the ten-year registration period "is tolled during any period that the sex or violent offender is incarcerated." I.C. § 11-8-8-19(a) (2008).

[19] On appeal, Gamble contends that the new statute that tolls his registration requirement is an *ex post facto* law as applied to him because it "significantly extended Gamble's ten (10)[-]year registration period . . . since Gamble was arrested and was incarcerated for a great deal of time after the ten (10)[-]year registration period started under Ind[iana] Code [Section] 5-2-12-13(a)." Appellant's Br. at 35. But we hold that Gamble cannot bring his *ex post facto* claim in a post-conviction proceeding.

[20] In *Kirby v. State*, the Indiana Supreme Court considered whether Kirby, a serious sex offender, could bring a post-conviction claim that a new statute that prevented him from entering school property was an unconstitutional *ex post facto* law. 95 N.E.3d 518, 520 (Ind. 2018). That court stated that "[o]ne of the post-conviction rules' central limitations is that relief is generally available only from a conviction or sentence." *Id*. But "when the legislature imposes restrictions on people convicted of certain crimes, those restrictions are not part of a sentence, but are collateral consequences." *Id*. Indeed, the court held that

"[s]ex-offender registration itself is thus a collateral consequence." *Id*. Further, the court stated that "[t]he legislature can, for example, impose a lifetime registration requirement even after a sentence has been fully served. Whether or not such a belated change is an *ex post facto* violation, it is not part of a sentence." *Id*. at 520-21 (internal citations omitted). Accordingly, our Supreme Court held that Kirby's *ex post facto* claim challenged a collateral consequence rather than his sentence or conviction and, thus, post-conviction review was unavailable to Kirby. *Id*.

Similarly, here, we hold that the requirement that Gamble register as a sex offender is a collateral consequence of his conviction in DF-222. Because Gamble's *ex post facto* claim challenges a collateral consequence rather than his conviction or sentence, post-conviction review is unavailable.[5]

### *Conclusion*

In sum, we hold that the post-conviction court did not abuse its discretion when it did not issue a subpoena for Gamble's prison record, and Gamble was not denied the effective assistance of counsel. And we hold that Gamble cannot petition for post-conviction relief on his claim that Indiana's sex offender

---

[5] Even though Gamble cannot raise his *ex post facto* claim in a post-conviction proceeding, he may still be able to bring his claim in a declaratory-judgment action. *See id*. at 521-22.

registration statute is an *ex post facto* law as applied to him. Accordingly, we affirm the post-conviction court.[6]

[23] Affirmed.

Crone, J., and Pyle, J., concur.

---

[6] In his reply brief, Gamble asks us to determine that he was never required to register as a sex offender because he did not agree to any registration requirement in his plea agreement in DF-222. But Gamble did not raise that issue in his initial brief. It is well settled that "grounds for error may only be framed in the appellant's initial brief and[,] if addressed for the first time in the reply brief, they are waived." *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005). Thus, Gamble has waived any purported claim on that issue.