


FILED

Jun 30 2025, 11:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Indiana Supreme Court

Supreme Court Case No. 25S-JV-47

## State of Indiana,
*Appellant*

–v–

## B.H.,
*Appellee*

---

Argued: May 15, 2025 | Decided: June 30, 2025

Appeal from the Cass Circuit Court
No. 09C01-2404-JD-16
The Honorable Stephen R. Kitts II, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 24A-JV-1247

---

**Opinion by Chief Justice Rush**

Justices Massa, Slaughter, Goff, and Molter concur.

**Rush, Chief Justice.**

In a juvenile delinquency case, the State can appeal only a limited set of orders prescribed by statute. But because that statute is framed in criminal law terms, its application to juvenile matters is uncertain. Here, the State contends the statute authorizes its appeal from a trial court's order denying approval of a delinquency petition. We address that issue but ultimately conclude we need not resolve it. Even assuming the statute permits the appeal, the State forfeited its right by filing an untimely notice of appeal. And because the State has failed to present any extraordinarily compelling reasons to reinstate that right, we dismiss.

## Facts and Procedural History

In January 2024, seventeen-year-old B.H. was being held at Logansport Juvenile Correctional Facility. One day that month, after an officer informed B.H. he would be receiving a minor sanction, B.H. allegedly threatened the officer and struck him in the face. The officer was treated for a lacerated nose at a local hospital. And B.H. later explained he was "just having a bad day" after receiving upsetting news about his parents.

About three months later, after B.H. had turned eighteen, the State sought the trial court's approval to file a juvenile delinquency petition alleging B.H. committed battery on a public safety officer. The court denied this request, typing "LACK OF JURISDICTION" on its order. The State then filed a motion to correct error, explaining the court had subject-matter jurisdiction because B.H. was both under twenty-one years old and charged with a delinquent act that was allegedly committed before he turned eighteen. That same day, the court denied the motion because the State "did not file a case against [B.H.] until he reached" age eighteen. A week later, the State filed a petition asking the trial court to certify its orders for interlocutory appeal, which the court granted. The State then filed a motion asking the Court of Appeals to accept jurisdiction over the appeal, relying only on Indiana Code section 35-38-4-2(b), which pertains to interlocutory appeals.

The Court of Appeals accepted jurisdiction, and the panel reversed. *State v. B.H.*, 245 N.E.3d 170, 174 (Ind. Ct. App. 2024). It held that the trial court's rejection of the delinquency petition was "comparable to dismissal of an indictment or information" under Section 35-38-4-2(a)(1) and thus a final judgment. *Id.* at 173–74. And though the State missed the applicable thirty-day deadline for filing its notice of appeal, the panel declined to dismiss the appeal. *Id.* at 174.

B.H. petitioned for transfer, which we granted, thus vacating the Court of Appeals' opinion. Ind. Appellate Rule 58(A).

## Standard of Review

We interpret statutes and court rules de novo. *J.B. v. State*, 252 N.E.3d 910, 913 (Ind. 2025); *Kirby v. State*, 95 N.E.3d 518, 520 (Ind. 2018).

## Discussion and Decision

Neither party disputes that the trial court had subject-matter jurisdiction over B.H. and erred by concluding otherwise. *See* Ind. Code §§ 31-9-2-13(d)(2), 31-30-1-1(a)(1). Rather, the dispute centers on two issues: whether the State had authority to appeal the trial court's order denying approval of the delinquency petition; and whether we should dismiss the appeal as untimely.

It is well-settled that the State needs statutory authorization to appeal criminal matters. *See, e.g.*, *State v. Brunner*, 947 N.E.2d 411, 415 (Ind. 2011). And this same rule applies in juvenile delinquency cases. *State v. I.T.*, 4 N.E.3d 1139, 1142 n.1 (Ind. 2014). The State's statutory right to appeal in juvenile delinquency cases is "governed by" Indiana Code section 35-38-4-2. I.C. § 31-37-13-6. That statute provides a list of five specific types of orders from which the State can appeal as a matter of right. I.C. § 35-38-4-2(a). And it also permits the State to appeal an interlocutory order if it is certified by the trial court and the appellate court finds one of three enumerated circumstances applies. I.C. § 35-38-4-2(b).

But even when Section 35-38-4-2 authorizes an appeal, the State must still comply with our appellate rules. This includes complying with the thirty-day time limit to file a notice of appeal when, following the entry of a final judgment, a trial court rules on a timely motion to correct error. App. R. 9(A)(1). Though missing this deadline forfeits the right to appeal, App. R. 9(A)(5), such forfeiture does not affect an appellate court's jurisdiction, *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014); *see also* App. R. 1 (permitting "deviation" from our appellate rules). So we have carved out a narrow exception to reinstate a forfeited appeal if the appellant shows "that there are 'extraordinarily compelling reasons why this forfeited right should be restored.'" *Cooper's Hawk Indianapolis, LLC v. Ray*, 162 N.E.3d 1097, 1098 (Ind. 2021) (quoting *O.R.*, 16 N.E.3d at 971). At the same time, "it is never error for an appellate court to dismiss an untimely appeal." *In re D.J.*, 68 N.E.3d 574, 579 (Ind. 2017).

Applying these principles here, we first consider whether the State had statutory authority to appeal the trial court's order denying approval of the delinquency petition. Ultimately, however, we find it unnecessary to resolve that issue. The order was a final judgment, and the State forfeited its right to appeal by failing to file its notice of appeal within thirty days after the court denied the State's motion to correct error. And because the State has failed to present any extraordinarily compelling reasons for reinstating that right, we dismiss this appeal.

## I. The trial court's order was a final judgment, but we refrain from deciding its appealability.

As explained above, the State may appeal the order denying approval of its delinquency petition only if Section 35-38-4-2 authorizes the appeal. In the Court of Appeals, the State pursued only a discretionary interlocutory appeal authorized by Subsection (b). On transfer, however, the State characterizes the trial court's order as analogous to "an order granting a motion to dismiss one (1) or more counts of an indictment or information," which is appealable under Subsection (a)(1). B.H., however, has consistently argued the State lacks any statutory authority to appeal this order.

We begin with the State's original contention that it appealed an "interlocutory order" under Section 35-38-4-2(b). At oral argument, the State suggested it is an "open question" whether an order denying approval to file a delinquency petition is final or interlocutory. We disagree. A judgment "typically becomes final when it 'dispose[s] of all issues as to all parties, ending the particular case and leaving nothing for future determination.'" *Pennington v. Mem'l Hosp. of S. Bend, Inc.*, 223 N.E.3d 1086, 1093 (Ind. 2024) (quoting *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012)); *see also* App. R. 2(H)(1). By contrast, an interlocutory order "is one made before a final hearing on the merits and requires something to be done or observed but does not determine the entire controversy." *Bacon v. Bacon*, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007), *trans. denied*. Here, the trial court's rejection of the State's delinquency petition, though subject to challenge through a motion to correct error, left nothing more to decide and was therefore final. Accordingly, the State lacked statutory authority to appeal that order under Subsection (b).

Turning to Section 35-38-4-2(a)(1), we acknowledge that the State made an argument under this provision for the first time on transfer, which parties cannot do. *See, e.g.*, *B.N. v. Health and Hosp. Corp.*, 199 N.E.3d 360, 363 n.1 (Ind. 2022). Yet we consider the issue and question whether that provision applies. As noted above, Subsection (a)(1) permits the State to appeal "[f]rom an order granting a motion to dismiss one (1) or more counts of an indictment or information." I.C. § 35-38-4-2(a)(1). In juvenile proceedings, however, the State does not file an indictment or information. Instead, it files a delinquency petition that requires court approval based on a finding of probable cause that "the child is a delinquent child" and that the petition is "in the best interests of the child or the public." I.C. § 31-37-10-2(2). So while an order granting a motion to dismiss an indictment or information has a similar effect to an order rejecting a delinquency petition, the two orders are distinct.

In this way, and others, applying Section 35-38-4-2 to juvenile delinquency appeals exposes tension. Much of the statute is couched in terms drawn from criminal law practice and parlance. *See* I.C. § 35-38-4-2(a) (using the terms "indictment or information," "trial," and "prosecution"). And we customarily construe this language strictly. *State*

*v. Holland*, 403 N.E.2d 832, 833 (Ind. 1980). But the Legislature, without adding juvenile-specific terminology, has directed us to apply the same statute to delinquency appeals. I.C. § 31-37-13-6. To square this circle, the State invites us to flexibly identify each juvenile delinquency order with its "criminal analog" in the statute. Otherwise, the State asserts, Section 35-38-4-2 would be rendered largely ineffective in the juvenile setting. In short, there is a lack of fit between the statute's plain meaning and the statutory structure as a whole. *See Turner v. State*, 253 N.E.3d 526, 536–37 (Ind. 2025).

We last explored Section 35-38-4-2 in the juvenile context in *State v. I.T.*, where we considered whether a trial court's discretionary decision to reject a delinquency petition was appealable as "an order granting a motion to dismiss an indictment or information." 4 N.E.3d at 1142 (quoting I.C. § 35-38-4-2(1) (2008)).[1] Based on the differences identified above, we concluded that "a juvenile court's discretionary decision to disapprove a delinquency petition" did not fit within that provision. *Id.* But here, unlike in *I.T.*, the trial court's grounds for denying approval were jurisdictional, not discretionary. And lack of jurisdiction is grounds for dismissing an indictment or information. I.C. § 35-34-1-4(a)(10). So the juvenile–criminal analogy is closer here than it was in *I.T.* Still, it is unclear whether this order falls within Subsection (a)(1). Indeed, the court's order did not grant a motion to dismiss but denied the State's request to approve its petition. And the order did not necessarily "dismiss" the petition, since the petition was never approved for filing. *See* Ind. Trial Rule 3 (stating the "filing" of a complaint or equivalent pleading is necessary to commence an action). Thus, even assuming the Legislature intended us to seek a "criminal analog" for a juvenile delinquency order, Subsection (a)(1) does not appear to describe the order before us.

---

[1] In *D.P. v. State*, which involved two consolidated appeals, we decided the State's appeal from an order dismissing its juvenile delinquency case against N.B. on jurisdictional grounds. 151 N.E.3d 1210, 1212–13 (Ind. 2020). However, N.B. never argued the State lacked statutory authority to appeal that decision.

Additionally, the year after *I.T.* was decided, the Legislature enacted an amendment to Section 35-38-4-2 that gives us pause. We ultimately held in *I.T.* that a different subsection applied because the order "suppresse[d] evidence and its 'ultimate effect . . . [was] to preclude further prosecution.'" 4 N.E.3d at 1142 (quoting I.C. § 35-38-4-2(5) (2008)). But the Legislature then added language to the provision to cover suppression orders whose ultimate effect is to "preclude further prosecution **of one (1) or more counts of an information or indictment.**" Pub. L. No. 110-2015, § 2, 2015 Ind. Acts 805, 805. This new language now found in Subsection (a)(5)—which is identical to the language in Subsection (a)(1)—seems to signal that the provision applies only to criminal cases, as they are initiated by information or indictment. I.C. § 35-34-1-1(a). And thus, the amendment makes us even more wary of interpreting Section 35-38-4-2 expansively.

At the same time, we recognize that Section 35-38-4-2(a)(2) might provide a slightly stronger basis for the State's appeal. That provision authorizes the State to appeal "an order granting a motion to discharge a defendant before trial for any reason." I.C. § 35-38-4-2(a)(2). But as the State failed to raise this provision at any stage of the proceedings, we do not consider it further. We also note that when there is no remedy through appeal, the State may seek a writ of mandamus to "compel [a] court to hear and decide" a case within its jurisdiction. *State ex rel. Steers v. Hancock Cir. Ct.*, 112 N.E.2d 855, 858 (Ind. 1953) (quoting *State ex rel. Benson v. Super. Ct. of Marion Cnty.*, 187 N.E. 203, 204 (Ind. 1933)); Ind. Original Action Rule 3(A). But the State has not sought such a writ.

Ultimately, we are left uncertain whether the Legislature intended Section 35-38-4-2 to apply to a trial court's order disapproving the State's delinquency petition on jurisdictional grounds.[2] But we need not resolve that issue today because, even if the statute authorized the State's appeal, the State forfeited that right.

---

[2] We welcome clarification from the Legislature on the statute's applicability to matters in juvenile delinquency cases.

## II. The State forfeited any right to appeal by filing an untimely notice of appeal and has failed to offer any extraordinarily compelling reasons for reinstating that right.

As explained above, the trial court's order rejecting the State's delinquency petition was a final judgment. And because the State timely moved to correct error, it had thirty days after the court denied that motion to file a notice of appeal. App. R. 9(A)(1). The State missed this deadline and thus forfeited its right to appeal. App. R. 9(5). But we have the discretion to reinstate this forfeited right if the State shows "extraordinarily compelling reasons" for doing so. *Cooper's Hawk Indianapolis, LLC*, 162 N.E.3d at 1098 (quoting *O.R.*, 16 N.E.3d at 971). The State, however, has not made that showing.

In the Court of Appeals, the State did not point to any extraordinarily compelling reasons for reinstating its forfeited right to appeal. And on transfer, the State simply reiterates the reasons the Court of Appeals "found extraordinarily compelling." Those reasons included that the State met the deadline for filing an interlocutory appeal, both the trial court and Court of Appeals allowed it to proceed along that track, and B.H. did not object. The State also maintains there is no dispute over the merits of this appeal and the trial court may otherwise repeat its error in future cases. Setting aside the fact that the State waived this issue by raising it for the first time on transfer, we decline to find these reasons extraordinarily compelling.

The narrow exception reinstating otherwise forfeited appeals effectively "acts as a fail-safe" when dismissal would be "shockingly unfair." *Sevion v. State*, 223 N.E.3d 1154, 1156 (Ind. Ct. App. 2023). For example, we have excused a father's forfeiture principally because his appeal involved the "care, custody, and control" of his child—a "fundamental liberty interest" and "one of the most valued relationships in our culture." *O.R.*, 16 N.E.3d at 972 (quoting *In re I.A.*, 934 N.E.2d 1127, 1132 (Ind. 2010)). A few years later, we excused parents' forfeitures in a children-in-need-of-services case after they filed premature notices of

appeal. *D.J.*, 68 N.E.3d at 579–80. And we once more recognized "the important parental interest at stake." *Id.* at 580.

Here, unlike in *O.R.* or *D.J.*, the State's appeal does not involve a fundamental liberty interest. And unlike the parents in those cases, the State is a sophisticated litigant with ample resources at its disposal to ensure compliance with our appellate rules. To be sure, we are concerned about the trial court's error. But if that error is repeated, the State can either seek to correct it in a timely appeal or file a petition for a writ of mandamus. Ultimately, because the State has failed to present any extraordinarily compelling reasons to restore its right to appeal, we dismiss the appeal as untimely.

# Conclusion

For the reasons explained above, we dismiss the State's appeal.

Massa, Slaughter, Goff, and Molter, JJ., concur.

ATTORNEYS FOR APPELLANT
Theodore E. Rokita
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Mark K. Leeman
Leeman Law Office
Logansport, Indiana